UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 OCT -5 P 1:00
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| and ) | |
| STATE OF OHIO ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. SA-07-CA-0683-RF |
| v. ) | |
| The Premcor Refining Group Inc., and ) The Lima Refining Company, ) Defendants. ) | |

## UNOPPOSED MOTION TO INTERVENE AS A PLAINTIFF UNDER RULE 24

The Memphis and Shelby County Health Department ("Movant"), duly authorized and acting pursuant to authority granted by the laws of the State of Tennessee, moves for leave to intervene as a plaintiff in this action in order to participate in this proceeding. For the following reasons, Movant may intervene in this as action as a matter of right:

1. The complaint filed by the United States and the State of Ohio alleges violations of the Clean Air Act, 42 USC § 7401, *et seq.* and its implementing regulations at several petroleum refineries owned and operated by the defendants, including one located in the City of Memphis, Shelby County, Tennessee ("Memphis refinery").

2. Pursuant to the *Federal Rules of Civil Procedure* ("FRCP") 24(a), Movant may intervene as of right because 42 U.S.C. § 7604(b)(1)(B) confers an unconditional right to intervene. That statute provides that *any person* may intervene as a matter of right in any action

filed by the administrator of the U.S. Environmental Protection Agency to require compliance with standards, limitations or orders issued under the Clear Air Act. This is such an action and Movant is a "person". 42 U.S.C. § 7902(e). Therefore, Movant may intervene as of right.

3. Alternatively, Movant may intervene as a matter of right pursuant to FRCP 24(a) because the disposition of this action may impair or impede its ability to pursue separate enforcement independent of the United States.

4. The Memphis and Shelby County Health Department is charged with the duty and authority under state law to promote, protect and improve the health and environment of all Shelby County residents and to enforce compliance with air emissions standards. *See,* Tenn. Code Ann. § 68-201-101 *et seq.* Tenn. Code Ann. § 68-201-115(a) provides "[a]ny municipality or *county* in this state may enact, by ordinance or resolution respectively, air pollution control regulations not less stringent than the standards adopted for the state pursuant to this part, or any such municipality or county may also adopt or repeal an ordinance or resolution which incorporates by reference any or all of the regulations of the board, or any federal regulations including any changes in such regulations, when such regulations are properly identified as to date and source." *Id.* at § 68-201-115(a)(emphasis added). As required by Tenn. Code Ann. § 68-201-115(b)(1), Shelby County has been granted a certificate of exemption. Accordingly, the Memphis and Shelby County Health Department's enforcement authority derives from the statutory provisions of the Tennessee Air Pollution Control Act and the certificate of exemption. The environmental violations at issue in this action are violations of the Tennessee Air Pollution Control Act.

5. Except as set forth in paragraph 4 herein, Movant hereby adopts, and incorporates herein, the complaint of plaintiffs, the United States and the State of Ohio, filed with the Court on August 16, 2007.

6. The United States, the State of Ohio and the defendants have reached a settlement on the claims set out in the complaint, as well as Movant's claims under the Tennessee Air Pollution Control Act. Movant has joined in the consent decree and seeks to intervene as a party for the lodging, entry and enforcement of the consent decree.

7. Counsel has conferred with attorneys for the defendants and for the United States and State of Ohio who are not opposed to this motion.

8. For these reasons, the disposition of this action may, as a practical matter, impair or impede Tennessee's ability to protect its interest in enforcing its laws and regulations and Tennessee is entitled to intervene as a matter of right.

Respectfully submitted,

MEMPHIS AND SHELBY COUNTY
HEALTH DEPARTMENT

Date: 10/5/2007

_____
CRAIG E. WILLIS, Tennessee Bar #022410
Assistant County Attorney
Memphis and Shelby County Health Department
160 N. Main St., Suite 660
Memphis, Tennessee 38103
Tel: (901) 545-4917
Fax: (901) 545-4687

**ATTORNEY FOR THE MEMPHIS AND
SHELBY COUNTY HEALTH DEPARTMENT**

## CERTIFICATE OF CONFERENCE

Counsel for the Memphis and Shelby County Health Department has conferred with the attorneys for the Premcor defendants and for the United States and State of Ohio, who are not opposed to this motions.

*Craig E. Willis*
CRAIG E. WILLIS
Assistant County Attorney
Memphis and Shelby County Health Department


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memphis and Shelby County's Unopposed Motion to Intervene has been sent by certified mail, return receipt requested to the following parties on this 5th day of October, 2007.

Susan B. Biggs
Assist. United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216

Robert Kenneth James, Asst. Attorney General
Teri J. Frinfrock, Asst. Attorney General
State of Ohio
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, OH 43215-3400

Ronald J. Tenpas
Acting Asst. Attorney General
Environmental and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Susan Akers, Senior Attorney
Scott Bauer, Trial Attorney
Katherine Kane, Trial Attorney
Environmental and Natural Resources Division
U.S. Department of Justice
1425 New York Ave., N.W.
Washington, D.C. 20005

Granta Y. Nakayama, Asst. Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Ariel Rios Bldg.
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Peter K. Wahl
Akin Gump Strauss Hauer & Field LLP
1700 Pacific Ave., Ste. 4100
Dallas, TX 75201

Richard J. Walsh, Asst. General Counsel
Lisa K. Roberts, Environmental Counsel
The Premcor Refining Group Inc.
One Valero Way
San Antonio, Texas 78249

_____
CRAIG E. WILLIS
Assistant County Attorney
Memphis and Shelby County Health Department

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, and<br><br>Memphis and Shelby County<br>Health Department<br>    Plaintiff-Intervenor<br><br>    v.<br><br>The Premcor Refining Group Inc., and<br>The Lima Refining Company,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. SA-07-CA-0683-RF |

### PROPOSED ORDER GRANTING UNOPPOSED MOTION TO INTERVENE AS A PLAINTIFF UNDER RULE 24

Before the Court is the Unopposed Motion to Intervene as a Plaintiff Under Rule 24 filed by the Memphis and Shelby County Health Department. Since the motion is unopposed, the Court is of the opinion that the Motion should be granted.

It is therefore ORDERED that the Unopposed Motion to Intervene as a Plaintiff Under Rule 24 filed by the Memphis and Shelby County Health Department is GRANTED.

SIGNED this the _____ day of _____, 2007.

_____
W. Royal Furgeson
UNITED STATES DISTRICT COURT JUDGE